SILVER, BURDETT & COMPANY v. S. M. N. MARRS, STATE SUPERINTEN-
DENT OF PUBLIC INSTRUCTION.

No. 4384.   Decided June 10, 1925.

(273 S. W., 793.)

**School Text Books—Contract—Waiver and Election—Mandamus—Suit Against
State—Case Followed.**

This case being governed by the rulings in Laidlaw Bros., Inc. v. Marrs,
114 Texas, 561, mandamus is awarded in accordance with the opinion therein,
which is approved and followed. (P. 573).

Original application to the Supreme Court, by Silver, Burdett &
Co., for writ of mandamus against Marrs, as State Superintendent of
Public Instruction.

*Batts & Brooks,* for relator.

*Dan Moody,* Attorney-General, and *Wright Morrow, C. A. Wheeler,*
and *L. C. Sutton,* Assistants, (*W. G. Love,* of counsel), for respondent.
*Mr. Justice Pierson,* delivered the opinion of the court.

Relator seeks a mandamus against respondent to require him to do
and perform the ministerial or statutory duties which it has a legal
right to have performed in regard to its contract with the State of
Texas for the purchase of certain textbooks, to-wit: Two books on
Physiology and Hygiene by Bigelow and Broadhurst, called respec-
tively "Health For Every Day" and "Health In Home And Neigh-
borhood;" also two books on English Composition by Clippinger, en-
titled "Written and Spoken English, Part One," and "Written and
Spoken English, Part Two."

The facts of this case, in all essential respects, particularly regard-
ing the making of the contract, the actions taken by the State Board
of Education upon it, and the defenses interposed by respondent, are
the same as in the case of Laidlaw Brothers, Incorporated, v. S. M. N.
Marrs, State Superintendent of Public Instruction, opinion delivered
June 8, 1925.

The status of this case is that relator's contract was regularly and
duly made and entered into by the State, acting through the State
Textbook Commission, and the relator, and on January 12, 1925, the
State Board of Education reviewed the acts of the Textbook Commis-
sion, and determined that the relator's contract was duly executed
and is valid.  As was held in the above mentioned case, the Board of
Education, having exercised its powers and duties under the statute
regarding the existence and validity of the contract and ordered its
performance, was without authority of law thereafter to reject it or to
direct the respondent, the State Superintendent, to disregard it.  The

facts and the issues of law being the same, upon the authority of that case, and for the same reasons, we hold that the contract in this case is a valid and enforceable one, both against the State and relator, and it is adjudged that relator is entitled to the writ of mandamus prayed for, and it is ordered that it issue.